JEFFREY E. FAUCETTE (No. 193066)
SKAGGS FAUCETTE LLP
One Embarcadero Center, Suite 500
San Francisco, California 94111
Telephone: (415) 315-1669
Facsimile:  (415) 433-5994
E-mail: jeff@skaggsfaucette.com

Attorneys for Plaintiff LUIDIA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIDIA, INC., a Delaware corporation,<br><br>     Plaintiff,<br><br>v.<br><br>CLASSROOM TECHNOLOGY SOLUTIONS, INC., a Florida corporation, and HANSHIN INTERNATIONAL LIMITED, a foreign corporation,<br><br>     Defendants. | Case No.:<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Luidia, Inc. complains and alleges against Defendants Classroom Technology Solutions, Inc. ("CTS") and Hanshin International Limited ("Hanshin") (collectively "Defendants"), as follows:

**THE PARTIES**

1. Plaintiff Luidia is a corporation organized under the laws of Delaware with its principal place of business at 1301 Shoreway Road, Belmont, California 94002.

2. Upon information and belief, Defendant CTS is corporation organized under the laws of Florida with its principal place of business at 4909 Victor Street, Jacksonville, Florida 32207.

3. Upon information and belief, Defendant Hanshin is a foreign corporation organized under the laws of the People's Republic of China with a principal place of business located at157 Connaught Road Central, Hong Kong.

**JURISDICTION AND VENUE**

4. This is an action for patent infringement arising under the patent laws of the United States (Title 35 of the United States Code). This Court has jurisdiction over this action pursuant to 28 U.S.C. sections 1331 and 1338(a).

5. Venue is proper in this district under 28 U.S.C. sections 1391(b) and (c) and 1400(b) because Defendants transact or have transacted business in the State of California and have committed and/or induced acts of patent infringement in this State and in this Judicial District.

**INTRADISTRICT ASSIGNMENT**

6. This case is appropriate for assignment on a district-wide basis because this is an intellectual property action pursuant to Civil Local Rule 3-2(c).

**FACTUAL BACKGROUND**

7. Luidia is a leader and an innovator in the field of interactive whiteboard systems and accessories. Luidia developed and manufactures the eBeam® brand of interactive whiteboard products. eBeam® systems work with computers and digital projectors to transform any standard

whiteboard or other flat surface into an interactive display and writing surface. Luidia's eBeam® hardware and software allows text, images and video to be projected onto a variety of surfaces, where an interactive stylus or marker can be used to add notes, access control menus, manipulate images and create diagrams and drawings.

8. Luidia's patent-protected eBeam® technology uses infrared and ultrasound receivers to track the location of a transmitter-equipped pen, or a standard dry-erase marker in a transmitter-equipped sleeve. A separate receiver unit attaches to the edge of the whiteboard or other writing surface and determines the distance and direction of the transmitter using the known quantities and differences of the speed of light and the speed of sound.

9. Luidia has been granted several patents covering various aspects of the technology it developed for its eBeam® hardware.

10. On February 2, 1999, the United States Patent and Trademark Office ("USPTO") issued United States Patent No. 5,866,856 (the "'856 patent"). A true and correct copy of the '856 patent is attached as Exhibit A hereto.

11. On September 12, 2000, the USPTO issued United States Patent No. 6,118,205 (the "'205 patent"). A true and correct copy of the '205 patent is attached as Exhibit B hereto.

12. On December 4, 2001, the USPTO issued United States Patent No. 6,326,565 (the "'565 patent"). A true and correct copy of the '565 patent is attached as Exhibit C hereto.

13. On January 1, 2002, the USPTO issued United States Patent No. 6,335,723 (the "'723 patent"). A true and correct copy of the '723 patent is attached as Exhibit D hereto.

14. On April 16, 2002, the USPTO issued United States Patent No. 6,373,003 (the "'003 patent"). A true and correct copy of the '003 patent is attached as Exhibit E hereto.

15. On July 2, 2002, the USPTO issued United States Patent No. 6,414,673 (the "'673 patent"). A true and correct copy of the '673 patent is attached as Exhibit F hereto.

16. On May 27, 2007, the USPTO issued United States Patent No. 7,221,355 (the "'355 patent"). A true and correct copy of the '355 patent is attached as Exhibit G hereto. The '856, '205, '565, '723, '003, '673, and '355 patents are referred to collectively as the "patents-in-



COMPLAINT FOR PATENT INFRINGEMENT

suit." Luidia is the owner of all right and title to the patents-in-suit and each of them.

17. Defendants design, make, have made, use, sell, offer to sell, advertise, and/or import an interactive whiteboard system under the brand name eBoard Infinity and/or Infinity (referred to herein as the "eBoard Infinity" product).

18. Information regarding the eBoard Infinity product can be found on websites in the United States at the domain names http://www.ctsed.com/products/presentation-devices/interactive-solutions/eboard-infinity-interactive-system-by-cts and http://www.hanshingroup.com/products.asp?ClassOneID=1&ClassTwoID=2&mid=2.

19. Defendants have offered their eBoard Infinity product for sale to residents of the United States including residents of this state and of the Northern District of California.

20. Residents of the Northern District of California have purchased from Defendant CTS the eBoard Infinity product manufactured and imported by Defendant Hanshin.

21. The eBoard Infinity product competes directly with Luidia's eBeam® product.

**CLAIM I: INFRINGEMENT OF THE '856 PATENT**

22. Luidia incorporates by reference Paragraphs 1 through 21 as if fully set forth herein.

23. Upon information and belief, in violation of 35 U.S.C. section 271, Defendants have infringed and are continuing to infringe, literally and/or under the doctrine of equivalents, the '856 patent by practicing one or more claims of the '856 patent by manufacturing, using, selling, offering to sell, and/or importing interactive whiteboard products including the eBoard Infinity.

24. Upon information and belief, in violation of 35 U.S.C. section 271, Defendants have infringed and are continuing to infringe the '856 patent by contributing to and/or actively inducing the infringement by others of the '856 patent by, *inter alia*, the manufacture, use, sale, offering for sale, and/or importation of interactive whiteboard products including the eBoard Infinity.

25. Upon information and belief, Defendants have had actual notice of the '856 patent.

26. Upon information and belief, Defendants have willfully infringed the '856 patent.

27. Upon information and belief, Defendants' acts of infringement of the '856 patent will continue after service of this Complaint unless enjoined by the Court.

28. As a result of Defendants' infringement, Plaintiff has suffered and will suffer damages.

29. Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' wrongful acts in an amount subject to proof at trial.

30. Unless Defendants are enjoined by this Court from continuing their infringement of the '856 patent, Plaintiff will suffer additional irreparable harm and impairment of the value of its patent rights. Thus, Plaintiff is entitled to a preliminary and permanent injunction against further infringement.

**CLAIM II: INFRINGEMENT OF THE '205 PATENT**

31. Luidia incorporates by reference Paragraphs 1 through 21 as if fully set forth herein.

32. Upon information and belief, in violation of 35 U.S.C. section 271, Defendants have infringed and are continuing to infringe, literally and/or under the doctrine of equivalents, the '205 patent by practicing one or more claims of the '205 patent by manufacturing, using, selling, offering to sell, and/or importing interactive whiteboard products including the eBoard Infinity.

33. Upon information and belief, in violation of 35 U.S.C. section 271, Defendants have infringed and are continuing to infringe the '205 patent by contributing to and/or actively inducing the infringement by others of the '205 patent by, *inter alia*, the manufacture, use, sale, offering for sale, and/or importation of interactive whiteboard products including the eBoard Infinity.

34. Upon information and belief, Defendants have had actual notice of the '205 patent.

35. Upon information and belief, Defendants have willfully infringed the '205 patent.

36. Upon information and belief, Defendants' acts of infringement of the '205 patent will continue after service of this Complaint unless enjoined by the Court.

37. As a result of Defendants' infringement, Plaintiff has suffered and will suffer



damages.

38. Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' wrongful acts in an amount subject to proof at trial.

39. Unless Defendants are enjoined by this Court from continuing their infringement of the '205 patent, Plaintiff will suffer additional irreparable harm and impairment of the value of its patent rights.  Thus, Plaintiff is entitled to a preliminary and permanent injunction against further infringement.

### CLAIM III: INFRINGEMENT OF THE '565 PATENT

40. Luidia incorporates by reference Paragraphs 1 through 21 as if fully set forth herein.

41. Upon information and belief, in violation of 35 U.S.C. section 271, Defendants have infringed and are continuing to infringe, literally and/or under the doctrine of equivalents, the '565 patent by practicing one or more claims of the '565 patent by manufacturing, using, selling, offering to sell, and/or importing interactive whiteboard products including the eBoard Infinity.

42. Upon information and belief, in violation of 35 U.S.C. section 271, Defendants have infringed and are continuing to infringe the '565 patent by contributing to and/or actively inducing the infringement by others of the '565 patent by, *inter alia*, the manufacture, use, sale, offering for sale, and/or importation of interactive whiteboard products including the eBoard Infinity.

43. Upon information and belief, Defendants have had actual notice of the '565 patent.

44. Upon information and belief, Defendants have willfully infringed the '565 patent.

45. Upon information and belief, Defendants' acts of infringement of the '565 patent will continue after service of this Complaint unless enjoined by the Court.

46. As a result of Defendants' infringement, Plaintiff has suffered and will suffer damages.

47. Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' wrongful acts in an amount subject to proof at trial.

48. Unless Defendants are enjoined by this Court from continuing their infringement of the '565 patent, Plaintiff will suffer additional irreparable harm and impairment of the value of its patent rights. Thus, Plaintiff is entitled to a preliminary and permanent injunction against further infringement.

**CLAIM IV: INFRINGEMENT OF THE '723 PATENT**

49. Luidia incorporates by reference Paragraphs 1 through 21 as if fully set forth herein.

50. Upon information and belief, in violation of 35 U.S.C. section 271, Defendants have infringed and are continuing to infringe, literally and/or under the doctrine of equivalents, the '003 patent by practicing one or more claims of the '723 patent by manufacturing, using, selling, offering to sell, and/or importing interactive whiteboard products including the eBoard Infinity.

51. Upon information and belief, in violation of 35 U.S.C. section 271, Defendants have infringed and are continuing to infringe the '723 patent by contributing to and/or actively inducing the infringement by others of the '723 patent by, *inter alia*, the manufacture, use, sale, offering for sale, and/or importation of interactive whiteboard products including the eBoard Infinity.

52. Upon information and belief, Defendants have had actual notice of the '723 patent.

53. Upon information and belief, Defendants have willfully infringed the '723 patent.

54. Upon information and belief, Defendants' acts of infringement of the '723 patent will continue after service of this Complaint unless enjoined by the Court.

55. As a result of Defendants' infringement, Plaintiff has suffered and will suffer damages.

56. Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' wrongful acts in an amount subject to proof at trial.

57. Unless Defendants are enjoined by this Court from continuing their infringement of the '723 patent, Plaintiff will suffer additional irreparable harm and impairment of the value of its patent rights. Thus, Plaintiff is entitled to a preliminary and permanent injunction against further



COMPLAINT FOR PATENT INFRINGEMENT

infringement.

**CLAIM V: INFRINGEMENT OF THE '003 PATENT**

58. Luidia incorporates by reference Paragraphs 1 through 21 as if fully set forth herein.

59. Upon information and belief, in violation of 35 U.S.C. section 271, Defendants have infringed and are continuing to infringe, literally and/or under the doctrine of equivalents, the '003 patent by practicing one or more claims of the '003 patent by manufacturing, using, selling, offering to sell, and/or importing interactive whiteboard products including the eBoard Infinity.

60. Upon information and belief, in violation of 35 U.S.C. section 271, Defendants have infringed and are continuing to infringe the '003 patent by contributing to and/or actively inducing the infringement by others of the '003 patent by, *inter alia*, the manufacture, use, sale, offering for sale, and/or importation of interactive whiteboard products including the eBoard Infinity.

61. Upon information and belief, Defendants have had actual notice of the '003 patent.

62. Upon information and belief, Defendants have willfully infringed the '003 patent.

63. Upon information and belief, Defendants' acts of infringement of the '003 patent will continue after service of this Complaint unless enjoined by the Court.

64. As a result of Defendants' infringement, Plaintiff has suffered and will suffer damages.

65. Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' wrongful acts in an amount subject to proof at trial.

66. Unless Defendants are enjoined by this Court from continuing their infringement of the '003 patent, Plaintiff will suffer additional irreparable harm and impairment of the value of its patent rights. Thus, Plaintiff is entitled to a preliminary and permanent injunction against further infringement.

**CLAIM VI: INFRINGEMENT OF THE '673 PATENT**

67. Luidia incorporates by reference Paragraphs 1 through 21 as if fully set forth



COMPLAINT FOR PATENT INFRINGEMENT

herein.

68. Upon information and belief, in violation of 35 U.S.C. section 271, Defendants have infringed and are continuing to infringe, literally and/or under the doctrine of equivalents, the '673 patent by practicing one or more claims of the '673 patent by manufacturing, using, selling, offering to sell, and/or importing interactive whiteboard products including the eBoard Infinity.

69. Upon information and belief, in violation of 35 U.S.C. section 271, Defendants have infringed and are continuing to infringe the '673 patent by contributing to and/or actively inducing the infringement by others of the '673 patent by, *inter alia*, the manufacture, use, sale, offering for sale, and/or importation of interactive whiteboard products including the eBoard Infinity.

70. Upon information and belief, Defendants have had actual notice of the '673 patent.

71. Upon information and belief, Defendants have willfully infringed the '673 patent.

72. Upon information and belief, Defendants' acts of infringement of the '673 patent will continue after service of this Complaint unless enjoined by the Court.

73. As a result of Defendants' infringement, Plaintiff has suffered and will suffer damages.

74. Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' wrongful acts in an amount subject to proof at trial.

75. Unless Defendants are enjoined by this Court from continuing their infringement of the '673 patent, Plaintiff will suffer additional irreparable harm and impairment of the value of its patent rights. Thus, Plaintiff is entitled to a preliminary and permanent injunction against further infringement.

### CLAIM VII: INFRINGEMENT OF THE '355 PATENT

76. Luidia incorporates by reference Paragraphs 1 through 21 as if fully set forth herein.

77. Upon information and belief, in violation of 35 U.S.C. section 271, Defendants have infringed and are continuing to infringe, literally and/or under the doctrine of equivalents, the

'355 patent by practicing one or more claims of the '355 patent by manufacturing, using, selling, offering to sell, and/or importing interactive whiteboard products including the eBoard Infinity.

78. Upon information and belief, in violation of 35 U.S.C. section 271, Defendants have infringed and are continuing to infringe the '355 patent by contributing to and/or actively inducing the infringement by others of the '355 patent by, *inter alia*, the manufacture, use, sale, offering for sale, and/or importation of interactive whiteboard products including the eBoard Infinity.

79. Upon information and belief, Defendants have had actual notice of the '355 patent.

80. Upon information and belief, Defendants have willfully infringed the '355 patent.

81. Upon information and belief, Defendants' acts of infringement of the '355 patent will continue after service of this Complaint unless enjoined by the Court.

82. As a result of Defendants' infringement, Plaintiff has suffered and will suffer damages.

83. Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' wrongful acts in an amount subject to proof at trial.

84. Unless Defendants are enjoined by this Court from continuing their infringement of the '355 patent, Plaintiff will suffer additional irreparable harm and impairment of the value of its patent rights. Thus, Plaintiff is entitled to a preliminary and permanent injunction against further infringement.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. That Defendants be declared to have willfully infringed, induced others to infringe and/or committed acts of contributory infringement with respect to the claims of the patents-in-suit as alleged above;

B. That Defendants and their officers, agents, servants, employees, and all those persons acting or attempting to act in active concert or in participation with them or acting on their

COMPLAINT FOR PATENT INFRINGEMENT

behalf be immediately, preliminarily and permanently enjoined from further infringement of the patents-in-suit pursuant to 35 U.S.C. section 283;

    C.    That Defendants be ordered to account for and pay to Plaintiff all damages caused to Plaintiff by reason of Defendants infringement of the patents-in-suit pursuant to 35 U.S.C. section 284 and that such damages be trebled in view of the willful and deliberate nature of the infringement;

    D.    That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendants' infringement of the patents-in-suit;

    E.    That Defendants be ordered to pay all costs associated with this action;

    F.    That this Court determine that this patent infringement case is exceptional and award Plaintiff its attorneys' fees incurred in this action pursuant to 35 U.S.C. section 285; and

    G.    That Plaintiff be granted such other and additional relief as the Court deems just and proper.

Dated: July 24, 2014        SKAGGS FAUCETTE LLP

By:     /s/
    Jeffrey E. Faucette
Attorneys for Plaintiff LUIDIA, INC.



COMPLAINT FOR PATENT INFRINGEMENT    10

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury of all issues so triable:

Dated: July 24, 2014

SKAGGS FAUCETTE LLP

By:     /s/
Jeffrey E. Faucette
Attorneys for Plaintiff LUIDIA, INC.

---

11

COMPLAINT FOR PATENT INFRINGEMENT